768

May 23, 1956.]

THE PEOPLE, Respondent, v. JOHNNIE LEE FITE, Appellant.

Herbert W. Simmons, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Patrick T. McCormick, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with assault with a deadly weapon. Trial by jury was waived. She was convicted of assault with intent to commit great bodily injury, a lesser offense necessarily included in the offense charged.

Presumably, the contention of appellant is that the evidence was insufficient to support the judgment. A part

of her argument is that the testimony of the victim of the alleged assault was "unworthy of believe" and was in conflict with testimony of appellant; and that when "we arrive at the conclusion that the testimony of the complaining witness, Annie Rae Hicks, is destroyed, it is a simple matter to proceed upon the testimony of the appellant."

Mrs. Hicks testified that on February 22, 1955, defendant came to her home, sat on a couch therein, and said that she was Grady Fite's wife and she had come to make trouble; she asked Mrs. Hicks if she had a child by Grady Fite; after they had argued about 15 minutes, Mrs. Hicks told her to "get out"; then defendant stood up and said "I come over to kill you"; when she said that she (defendant) took a gun out of her purse and was getting the gun out of the holster; Mrs. Hicks grabbed defendant and they struggled over the gun; while so struggling they went onto the porch and the lawn; a man came by and took the gun from defendant; the gun was not fired. On cross-examination Mrs. Hicks said that defendant got the gun out of the holster, and it was about out of the holster when they started struggling; defendant had the gun in her right hand and the holster in her left hand; she never called defendant by telephone; she told the Department of Public Assistance that Grady Fite was the father of one of her children.

Mr. Raymond testified that on said February 22, about noon, he saw defendant and Mrs. Hicks wrestling and fighting; he pried the gun out of their hands, and put it in the glove compartment (of defendant's automobile).

A police officer testified that, on February 23, he asked defendant where the gun was; she replied that it was in the glove compartment; he removed a .25 automatic from the compartment; opened the holster and removed the clip in which there were six cartridges; there was no cartridge in the chamber of the gun; defendant told him she had been receiving telephone calls for two years from Mrs. Hicks, who claimed that defendant's husband was the father of one of Mrs. Hicks' children; defendant said that she went to Mrs. Hicks' house with a gun in her purse, that while she was in the house she opened her purse and the gun and the holster were in view "on top of her purse," and then defendant and Mrs. Hicks struggled over the gun until a man took the gun from them.

Defendant testified that Mrs. Hicks telephoned her in Sep-

tember, 1954, and said that she (Mrs. Hicks) had been going with defendant's husband about eight years; defendant and Mrs. Hicks had about five telephone conversations wherein they threatened one another; she went to Mrs. Hicks' house and told her that she came to talk about a letter her husband received from the county, which stated that defendant's husband was the father of Mrs. Hicks' son; after some discussion defendant said, "I won't fool with you"; then defendant looked in her purse to get her gun, and then they both grabbed the gun and struggled outside the door, and a man took the gun from their hands; the gun belonged to her brother-in-law and she had had it a few months; there were no "bullets" in it when she got it, but she bought some and loaded the gun just before she went to Mrs. Hicks' house.

The credibility of witnesses is a matter for the determination of the trier of fact. (*People* v. *Cannon*, 77 Cal. App.2d 678, 688 [176 P.2d 409].) The resolution of a conflict in the evidence is for the trier of fact. (*People* v. *Shivers*, 139 Cal.App.2d 275, 277 [293 P.2d 479].) Where there is substantial evidence in support of a finding of fact, and there is no abuse of discretion on the part of the court, a reviewing court is not empowered to disturb the finding of fact. (See *People* v. *Newland*, 15 Cal. 2d 678, 681 [104 P.2d 778].) There is no merit in the appeal.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.