Filed 9/8/16  P. v. Carrillo CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LINO CARRILLO,<br><br>Defendant and Appellant. | B263195<br><br>(Los Angeles County<br>Super. Ct. No. GA090378) |

APPEAL from order of the Superior Court of Los Angeles County, Honorable Dorothy L. Shubin, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Lino Carrillo was convicted of second degree burglary, a felony, for stealing $128.89 worth of clothing from a Walmart store and was sentenced to a 32-month prison term. (Pen. Code, § 459.)[1] Subsequent to his conviction, the electorate approved the Safe Neighborhoods and Schools Act, commonly referred to as Proposition 47, which reduced certain drug and theft offenses to misdemeanors and created a process for resentencing persons serving felony sentences for those offenses. (§ 1170.18). Carrillo filed a petition to reduce his conviction to a misdemeanor, which the trial court denied on the ground that he would pose an unreasonable risk of danger to public safety if resentenced. (§ 1170.18, subds. (b)-(c).) We conclude the trial court acted within its discretion based on the evidence of Carrillo's past criminal convictions. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On July 16, 2013, Carrillo was arrested for stealing $128.89 worth of clothing from a Walmart store. He admitted guilt. On October 11, 2013, Carrillo was convicted of second degree burglary and sentenced to 32 months in state prison.

On January 23, 2015, Carrillo petitioned the court for resentencing under Proposition 47 (§ 1170.18, subd. (a)). The People opposed the petition. The People acknowledged Carrillo was eligible for resentencing, as his burglary conviction would now constitute misdemeanor shoplifting under Proposition 47 and he had no disqualifying prior convictions. Nevertheless, the People maintained he was unsuitable for resentencing because he posed an unreasonable risk of danger to public safety. The People relied exclusively on Carrillo's criminal history, which included misdemeanor offenses and two prior felony convictions for kidnapping in 2002 and possession of a firearm by a convicted felon in 2010. Additionally, the People asserted that, in 2002, Carrillo had been charged with kidnapping in the commission of a carjacking, but the charge had been dismissed in exchange for his guilty plea to simple kidnapping.

---

[1] Undesignated statutory references are to the Penal Code.

2

On April 1, 2015, the trial court held a suitability hearing. The People reasserted that Carrillo's criminal history demonstrated he posed an unreasonable risk of danger to public safety if his sentence were reduced. Carrillo argued the People had failed to establish he was likely to commit a disqualifying felony, emphasizing that his current offense did not involve violence and that he had not committed a violent felony since his 2002 kidnapping conviction.

The trial court denied the petition. In addition to the 2002 felony kidnapping conviction, the court noted that Carrillo's probation report listed several misdemeanor convictions, including two convictions for violent offenses: a 2007 misdemeanor conviction for infliction of corporal injury on a spouse or cohabitant and a 2010 misdemeanor conviction for battery against a former spouse. Additionally, the court observed that Carrillo had a sustained juvenile petition in 1995 for assault with a deadly weapon, not a firearm, with great bodily injury. And, there was the second felony conviction for possession of a firearm by a convicted felon in 2010, as well as two more non-violent misdemeanor convictions in 2013. The court concluded with the following remarks: "I think this is a rather close case, but I do find that the defendant presents a danger if resentenced given the totality of the criminal history and, more specifically, the case in which he was originally charged with the 209.5, kidnapping in the commission of carjacking. [¶] I understand, of course, it was ultimately resolved as a kidnapping charge, but given those circumstances, combined with the rest of the criminal history, the court's determination is that, although Mr. Carrillo is eligible, he's unsuitable for resentencing because he poses an unreasonable risk to public safety." Specifically, the court determined there was an unreasonable risk that Carrillo would commit a serious or violent felony punishable by life imprisonment.

**DISCUSSION**

A.     *Proposition 47 and Standard of Review*

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Lynall* (2015) 233 Cal.App.4th 1102.)  As relevant here, Proposition 47 effected this change by adding section 490.2, which provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."  (§ 490.2, subd. (a).)  Proposition 47 also enacted section 1170.18, which created a resentencing procedure for persons serving felony sentences for crimes that were now misdemeanors after the initiative.  (*People v. Hall* (2016) 247 Cal.App.4th 1255, 1261.)

"Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  (§ 1170.18, subd. (b).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)  "Section 1170.18 thus provides a two-step mechanism . . . .  First, the trial court must determine if the petitioner is eligible for resentencing under section 1170.18 based on a preponderance of the evidence.  [Citations.]  If the court finds the petitioner eligible, the trial court must determine the factual issue of whether the petitioner presents an unreasonable risk of danger to public safety if resentenced."  (*People v. Bush* (2016) 245 Cal.App.4th 992, 1001.)

4

"Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.18, subds. (b), (c).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.) " '[U]nreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of [section 667, subdivision (e)(2)(C)(iv)]." (§ 1170.18, subd. (c).) Among the disqualifying violent felonies (colloquially known as "super strikes") is "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(VIII).) "The critical inquiry . . . is not whether the risk is quantifiable, but rather, whether the risk would be 'unreasonable.' " (*People v. Garcia* (2014) 230 Cal.App.4th 763, 769.) "In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

"The trial court's decision on a section 1170.18 petition is *inherently factual*, requiring the trial court to determine whether the defendant meets the statutory criteria for relief." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892, italics added.) Evidence to support such a finding may come from within or outside the record of conviction, or from undisputed facts acknowledged by the parties. In some cases, the record of a petitioner's conviction may suffice to establish a prima facie case for or against resentencing. (*People v. Hall, supra,* 247 Cal.App.4th at p. 1263.)

Consistent with section 1170.18, subdivision (b)'s repeated references to the trial court's discretion, we review the trial court's denial of Carrillo's petition for abuse of discretion. (See *People v. Flores* (2014) 227 Cal.App.4th 1070, 1075; *People v. Hall, supra,* 247 Cal.App.4th at pp. 1263-1264.)  Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124–1125.)  The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)  An abuse of discretion is shown when the trial court applies the wrong legal standard.  (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.)  But, "[w]here there is substantial evidence in support of a finding of fact, and there is no abuse of discretion on the part of the court, a reviewing court is not empowered to disturb the finding of fact." (*People v. Fite* (1956) 141 Cal.App.2d 768, 770.)

B.    *The Trial Court Did Not Abuse Its Discretion; The Court Applied the Correct Legal Standard and Substantial Evidence Supported Its Finding*

Carrillo contends the trial court erred by considering the purported 2007 charge for kidnapping in commission of a carjacking, which was dismissed pursuant to a plea agreement.[2]  Carrillo emphasizes the People failed to present any evidence concerning that supposed charge, stressing that the only reference to the charge in the record was the District Attorney's bald assertion that aggravated kidnapping had been charged but ultimately dismissed.  Absent the trial court's consideration of that charge, Carrillo argues the court could not have found that resentencing would pose an unreasonable risk

---

[2]    Carrillo argues the trial court erred by regarding a sentence enhancement of an indeterminate life term under the Three Strikes Law to be a disqualifying felony under Proposition 47.  We see nothing in the record to suggest this was the basis for the court's determination that Carrillo posed an unreasonable danger of committing a violent felony punishable by life in prison if resentenced.  Carrillo has failed to present an adequate record establishing the claimed error.

6

of danger to public safety. The People disagree, arguing Carrillo's history of convictions for violent offenses constitutes substantial evidence supporting the trial court's finding, and the court applied the correct legal standard in determining resentencing posed an unreasonable risk that Carrillo would commit a serious felony punishable by life in prison. We conclude the trial court erred insofar as it considered the unadjudicated charge, but the error was harmless because Carrillo's criminal convictions supported the court's unsuitability determination.

"A defendant in a criminal action is presumed to be innocent until the contrary is proved." (§ 1096.) This fundamental precept undergirds our criminal justice system and ensures no citizen can be found guilty of a punishable criminal offense on the basis of a charge unsupported by evidence of guilt beyond a reasonable doubt. (*Ibid.*) Consistent with this principle, criminal juries are instructed as follows: "The fact that a criminal charge has been filed against the defendant[s] is not evidence that the charge is true. You must not be biased against the defendant[s] just because (he/she/they) (has/have) been arrested, charged with a crime, or brought to trial. [¶] A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. . . . [¶] . . . [¶] . . . Unless the evidence proves the defendant[s] guilty beyond a reasonable doubt, (he/she/they) (is/are) entitled to an acquittal and you must find (him/her/them) not guilty." (CALCRIM No. 220; *People v. Anderson* (2007) 152 Cal.App.4th 919, 944 ["The function of CALCRIM No. 220 is to inform the jury of the presumption of innocence and the People's burden to prove guilt beyond a reasonable doubt. Consistent with this function, the instruction tells the jury that the fact the defendant has been arrested, charged with a crime, or brought to trial may not be considered against him. These factors relate directly to the presumption of innocence."].)

As Carrillo correctly argues, the People improperly asserted that the mere charge of aggravated kidnapping established that Carrillo posed an unreasonable risk of committing a similar disqualifying violent felony if resentenced. To rely on this dismissed charge in opposing Carrillo's petition, the People bore the burden of introducing *evidence* of the facts underlying the charge to show Carrillo committed the crime and that he would likely commit a similar crime in the future if resentenced. Absent such evidence, the People's bald assertion that the charge was filed should have had no bearing on the trial court's determination of whether resentencing Carrillo posed an unreasonable risk of danger to public safety. To the extent the court considered the dismissed charge in making its determination, this was error.

That said, our Constitution precludes this court from setting aside a judgment "for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) And, our Supreme Court has instructed that a miscarriage of justice should be declared only when the court, after an examination of the entire cause, including the evidence, is of the opinion that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Under this standard, our determination "must necessarily be based upon reasonable probabilities rather than upon mere possibilities; otherwise the entire purpose of the constitutional provision would be defeated." (*Id.* at p. 837.)

Here, we cannot conclude that it is reasonably probable the trial court would have reached a different conclusion had it declined to consider the purported aggravated kidnapping charge. While the trial court did regard the petition as a "rather close case," and referred to the aggravated kidnapping charge, the entire record suggests the trial court was most concerned with "the totality of [Carrillo's] criminal history." In that regard, the trial court rejected Carrillo's attempt to characterize his convictions as non-violent, rebutting the assertion by stressing he had two misdemeanor convictions for violent offenses following his four-year prison term for felony kidnapping. The court also

8

emphasized Carrillo's sustained juvenile petition for assault with a deadly weapon resulting in great bodily harm, and his more recent felony conviction for possession of a firearm by a convicted felon. In sum, the trial court was very conversant with Carrillo's prior criminal history of violence and articulated its conclusion that Carrillo posed an unreasonable risk of committing a serious or violent felony punishable by life imprisonment. Given Carrillo's ongoing criminality and his repeated failures to rehabilitate, the trial court reasonably inferred that he presented an elevated, and escalating, risk of committing a violent offense, including one punishable by a life sentence. Though the trial court should not have considered a dismissed charge without evidence of the underlying facts, we conclude the error was harmless in view of the compelling evidence supporting the court's determination that resentencing Carrillo posed an unreasonable risk of danger to public safety as defined by Proposition 47. (See §§ 1170.18, subd. (c), 667, subd. (e)(2)(C)(iv)(VIII).)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.[*]

We concur:

EDMON, P. J.

LAVIN, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.