Filed 8/25/16  P. v. Trotter CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051688 |
| v. | (Super. Ct. No. 13WF1447) |
| DONALD TROTTER III, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Reversed and remanded for further proceedings.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

*Background*

Donald Trotter III appeals from an order denying his petition to recall sentence pursuant to Penal Code section 1170.18, subdivision (a) (all code references are to the Penal Code). We reverse and remand to permit the trial court to determine under section 1170.18, subdivision (b) whether resentencing Trotter would pose an unreasonable risk of danger to public safety.

Trotter had pleaded guilty to one count of first degree residential burglary (§§ 459, 460, subd. (a)) and one count of theft of a firearm (§ 487, subd. (d)(2).) As the factual basis for his plea, Trotter stated that on March 19, 2013, "I unlawfully entered an inhabited dwelling house, with the intent to commit a larceny, and I unlawfully took the firearm of Deborah C. with the intent to permanently deprive." Trotter was sentenced to a total of two years eight months in prison.

In January 2015, Trotter filed a petition for recall of sentence and for resentencing under section 1170.18, subdivision (a). The trial court denied the petition on the ground Trotter's conviction for theft of a firearm made him ineligible for resentencing.

*Discussion*

"'On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act . . . .' [Citation.] 'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).' [Citation.]" (*People v. Morales* (2016) 63 Cal.4th 399, 404.) Proposition 47 added section 1170.18. (*People v. Morales*, *supra*, at p. 404.) Under section 1170.18, subdivision (a), "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense

2

may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing."

Proposition 47 also added section 490.2. (See 48B West's Ann. Pen. Code (2016 supp.) history foll. § 490.2, p. 48; *People v. Hall* (2016) 247 Cal.App.4th 1255, 1261.) Subdivision (a) of section 490.2 states: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining *any property* by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (Italics added.)

The Attorney General concedes that "a defendant convicted of theft of a firearm under section 487, subdivision (d)(2), is eligible for resentencing under section 1170.18 if the value of the firearm stolen does not exceed $950." The Attorney General concedes too that the trial court erred by denying Trotter's resentencing petition on the ground that theft of a firearm does not come within section 490.2, subdivision (a). The Attorney General argues the matter must be remanded with instructions to the trial court to make a finding on the value of the stolen firearm. However, at the hearing on Trotter's petition to recall sentence, the prosecutor conceded the value of the stolen firearm was $300, which was the amount reflected in the police report.

Section 1170.18, subdivision (b) states that "the court shall determine whether the petitioner satisfies the criteria in [section 1170.18,] subdivision (a)." But given the prosecutor's concession that the value of the stolen firearm was less than $950, we see no reason for instructing the trial court to make a finding of value. Remand is necessary, however, to allow the trial court to exercise its discretion in determining

3

whether "resentencing [Trotter] would pose an unreasonable risk of danger to the public safety." (§ 1170.18, subd. (b).)

*Disposition*

The order denying Trotter's petition for recall of sentence is reversed and the matter is remanded for further proceedings in accordance with this opinion.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

4