Filed 6/17/21  P. v. Smith CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CLEVELAND JAMES SMITH, JR., <br><br> Defendant and Appellant. | F080325 <br><br> (Super. Ct. No. F12905212) <br><br><br> **OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jane Cardoza, Judge.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Peña, Acting P.J., Smith, J. and Snauffer, J.

Appointed counsel for appellant Cleveland James Smith, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Smith was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. To date, he has not done so. Finding no arguable error that would result in a disposition more favorable to Smith, we affirm.

## BACKGROUND

On July 17, 2012, the Fresno County District Attorney's Office filed a criminal complaint charging Smith with one count of felony corporal injury to a spouse (Pen. Code,[1] § 273.5, subd. (a)). The complaint further alleged that Smith had suffered one prior strike conviction (§ 1170.12, subds. (a)-(d)) and that he had served two prior prison terms (§ 667.5, subd. (b)).

On August 10, 2012, following amendment of the complaint, Smith entered a plea of no contest to one misdemeanor count of being under the influence of a controlled substance. (Health & Saf. Code, § 11550, subd. (a)). Smith was sentenced to 90 days in county jail and placed on probation.

In November 2014, California voters passed Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 "reduced certain drug and theft offenses to misdemeanors and created a process for resentencing persons serving felony sentences for those offenses (§ 1170.18)." (*People v. Hall* (2016) 247 Cal.App.4th 1255, 1258-1259.)

---

[1] Undesignated statutory references are to the Penal Code unless otherwise indicated.

On October 9, 2019, acting in propria persona, Smith filed a petition seeking redesignation of his misdemeanor conviction pursuant to Proposition 47. Smith's petition sought Proposition 47 relief in four other cases, all occurring prior to 2014.[2]

On October 25, 2019, the trial court denied Smith's petition with prejudice. The trial court's response stated, "Defendant is ineligible for relief as his or her conviction(s) do not qualify for relief under Penal Code § 1170.18, subd. (a) or subd. (f). The petition or application is denied with prejudice. (Penal Code § 1170.18, subds. (b) or (g).)"

On November 19, 2019, Smith filed a timely notice of appeal.

On August 4, 2020, following an application filed by appellant's counsel for this court to determine appellate jurisdiction, this court issued an order concluding we possess jurisdiction over Smith's appeal.

## DISCUSSION

"Section 1170.18 ... provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' (§ 1170.18, subd. (f); see *id.*, subds. (g)-(h).)" (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1093.) Here, Smith was convicted of a misdemeanor violation of Health and Safety Code section 11550, subdivision (a). Thus, assuming Smith qualified for Proposition 47 relief, there is no felony to reduce.

Additionally, nothing within the text of Proposition 47 nor cases interpreting the ballot initiative supports the conclusion that Health and Safety Code section 11550, subdivision (a) is an offense that was amended by the passage of Proposition 47. We therefore conclude Smith is not entitled to relief under Proposition 47 as a matter of law.

---

[2] Smith filed his petition for resentencing based upon five separate case Nos.: F12905212, F13900127, F08903311, F96909288-3, and F96905666-4. Some of these cases resulted in felony convictions.

3.

In addition to case No. F1290512, Smith's petition listed four other cases for redesignation under Proposition 47.  Insofar as the trial court also denied Smith relief in these cases, the limited record available does not show that the trial court erred.

We have undertaken an examination of the entire record pursuant to *Wende,* and we find no arguable error that would result in a disposition more favorable to Smith.

## **DISPOSITION**

The order denying Smith's Proposition 47 petition for resentencing is affirmed.