Filed 11/13/24  P. v. Lopez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ISRAEL LOPEZ,<br><br>        Defendant and Appellant. | F086974<br><br>(Super. Ct. No. DF011711B)<br><br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kari Ricci Mueller and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Peña, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

In 2015, a jury convicted defendant Israel Lopez of 16 felony counts arising from two home invasions that were determined to be gang related (§ 186.22, subd. (b)). (Undesignated statutory references are to the Penal Code.)  Defendant was also convicted of active participation in a criminal street gang (§ 186.22, subd. (a)) and the jury found true firearm enhancements (§ 12022.53, subds. (b), (e)(1)).  In a bifurcated proceeding, the court found defendant had suffered a prior strike and serious felony conviction (§§ 667, subds. (a), (c)–(i)) and two prison prior terms (§ 667.5, former subd. (b)).  Three robbery counts, the gang count, and the gang and firearm enhancements were reversed on appeal, the matter was remanded, and defendant was resentenced on the remaining charges.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an individual potentially eligible for resentencing pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).  Additionally, in 2023, the CDCR also recommended recall and resentencing pursuant to section 1172.1, subdivision (a)(1) in light of the court's new discretion to dismiss a prior serious felony conviction enhancement (§ 667, subd. (a)).

The trial court recalled and resentenced defendant pursuant to section 1172.75, struck only the one-year section 667.5, former subdivision (b) prison prior enhancement and declined to further reduce defendant's sentence.  The court acknowledged the legal presumption favoring recall and resentencing pursuant to section 1172.1, but it concluded the presumption was overcome because defendant posed an unreasonable risk of danger to public safety, given the nature of the charges and the violence defendant used upon multiple victims on two different dates.

On appeal, defendant argues the court abused its discretion in finding he was an unreasonable risk to public safety and denying him further relief.

We affirm.

2.

## FACTUAL AND PROCEDURAL HISTORY

In 2014, defendant and his codefendants—Adrian Hernandez, James Delacruz, and Frank Simental—were charged with robbery of an inhabited dwelling on or about June 12, 2014 (§ 213, subd. (a)(1)(A); count 1), carjacking (§ 215, subd. (a); count 2), residential burglary (§ 460, subd. (a); count 3), carrying a loaded firearm in a public place while an active participant in a criminal street gang (§ 25850, subd. (b)(3); count 4), active participation in a criminal street gang (§ 186.22, subd. (a); count 7), and robbery (§ 212.5, subd. (a); count 8). Defendant was also charged with being a felon in possession of a firearm on or about July 12, 2014 (§ 29900, subd. (a); count 6).

Defendant and codefendant James Delacruz were also charged with committing first degree residential robbery of two victims in concert on or about June 12, 2014 (§§ 213, subd. (a)(1)(A), 212.5, subd. (a); counts 9, 10, 11 & 12), extortion (§ 519, subd. 1; count 13), burglary (§ 460, subd. (a); count 14), carrying a loaded firearm in a public place while an active participant in a criminal street gang (§ 25850, subd. (c)(3); count 15), criminal threats (§ 422; count 16), dissuading a witness (§ 136.1, subd. (c)(1); count 17), conspiracy to commit a robbery (§ 182, subd. (a)(1); count 18), and active participation in a criminal street gang (§ 186.22, subd. (a); count 19).

It was further alleged as to defendant that counts 1, 2, 3, 6, 8, 9, 10, 11, 12, 13, 14, 16, 17, and 18 were committed for the benefit of, at the direction of or in association with a criminal street gang (§ 186.22, subd. (b)(1)); defendant was a principal in the commission of counts 1, 2, 8, 9, 10, 11, 12, and 18; and at least one principal personally used a firearm during the offenses (§ 12022.53, subds. (b), (e)(1)). As to each offense, it was also alleged defendant had suffered a prior serious felony conviction (§ 667, subd. (a)) that also qualified as a strike prior (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and he served two prior prison terms (§ 667.5, former subd. (b)) based on an August 21, 2002, conviction for robbery (§ 211) and a February 11, 2010, conviction for burglary (§ 460, subd. (b)). It was further alleged that, during the commission of the residential

3.

burglaries (counts 3 & 14) another person other than the accomplice was present in the residence (§ 667.5, subd. (c)(21)), making the offenses violent felonies.

In 2015, a jury found defendant not guilty of counts 4 and 15 but otherwise convicted defendant of all the charges and found true all of the enhancement allegations. In a bifurcated proceeding, the court found true the prior conviction allegations.

The court sentenced defendant to 30 years to life on count 1, plus five years for the prior serious felony conviction (§ 667, subd. (a)), plus 10 years for the section 12022.53, subdivisions (b), (e)(1) firearm enhancement that was ordered stayed pursuant to California Rules of Court, rule 4.447; a consecutive term of 30 years to life on count 9, plus five years for the prior serious felony conviction (§ 667, subd. (a)), plus one year pursuant to section 667.5, former subdivision (b), plus 10 years for the section 12022.53, subdivisions (b), (e)(1) firearm enhancement that was ordered stayed pursuant to California Rules of Court, rule 4.447; a consecutive term of 30 years to life on count 10, plus five years for the prior serious felony conviction (§ 667, subd. (a)), plus one year pursuant to section 667.5, former subdivision (b), plus 10 years for the section 12022.53, subdivisions (b), (e)(1) firearm enhancement that was ordered stayed pursuant to California Rules of Court, rule 4.447, and a consecutive term of 20 years to life on count 17.[1]  Punishment on the remaining counts was ordered stayed pursuant to section 654.

---

[1]At sentencing, the court denied defendant's motion to strike his prior strike.  It noted defendant was sentenced to prison for the prior strike and then paroled and violated parole twice. Defendant suffered four misdemeanor convictions after he was first paroled in 2005 and he was finally discharged from parole in 2009.  He suffered another felony conviction in 2008,was given 32 months at the California Department of Corrections, and was released on community supervision during which he committed the instant crimes, which were much more serious crimes.  The court noted that all the instant crimes were serious and/or violent felonies and there were gang enhancements attached to most of them.  The court concluded, "It's the current conduct in conjunction with his prior history subsequent to the strike that carries significant weight …; so I'm going to decline to exercise my discretion to dismiss the prior strike," finding defendant came "within the spirit of the three-strikes law."

On appeal, defendant's convictions for counts 8, 11, and 12 were found to be duplicative of the robbery convictions alleged in counts 1, 9, and 10; accordingly, counts 8, 11, and 12 were reversed and ordered dismissed. Defendant's convictions for counts 7 and 19 and the findings related to the section 186.22, subdivision (b) and section 12022.53, subdivisions (b) and (e)(1) enhancements were also reversed based on *People v Sanchez* (2016) 63 Cal.4th 665, and subsequently dismissed on the People's motion. The judgment as to all the other convictions and findings was affirmed. (Details regarding the evidence presented at trial and issues raised on appeal can be found in our court's unpublished opinion, *People v. Lopez* (Oct. 19, 2018, F072812).)

After the remittitur issued, defendant was resentenced in February 2019 to an upper term of 18 years on count 1, plus five years for the prior serious felony enhancement (§ 667, subd. (a)), and one year for the prison prior enhancement (§ 667.5, former subd. (b)), a concurrent upper term of six years on count 6, a consecutive middle term of four years on count 9, a consecutive middle term of four years on count 10, and a consecutive middle term of six years on count 17. Punishment on counts 2, 3, 13, 14, 16, and 18 was imposed and stayed pursuant to section 654.

In a letter dated April 26, 2023 (filed with the Kern Super. Ct. on Apr. 27, 2023), the Office of the Secretary of the CDCR "provide[d] the court with the authority to resentence [defendant] … pursuant to … Section 1172.1, Subdivision (a)(1)." The letter noted defendant's sentence included a consecutive five-year enhancement for a prior serious felony conviction (§ 667, subd. (a)(1)) that courts were previously barred from striking, but "effective January 1, 2019, courts are now authorized to exercise their discretion to strike prior serious felony convictions for purposes of enhancement under this section, or to strike the punishment for the enhancement under this section, pursuant to PC 1385." The Secretary further stated, "In light of the court's newfound authority, and after personally reviewing their commitment offense and in-prison conduct, I recommend that [defendant]'s sentence be recalled and that they be resentenced in

5.

accordance with PC 1172.1(a)(1)." The recommendation included a "cumulative case summary" that presented "case factors that are applicable pursuant to the recommendation for recall of commitment based upon a change in sentencing law." The summary detailed the current commitment offense, defendant's prior juvenile and adult criminal history, his parole history, general information from prison regarding programs and credits defendant completed while incarcerated, information regarding his medical/mental health, his support system, and his notification and registration requirements. The report stated defendant had "remained disciplinary free during this term of incarceration" and had received one "Counseling Chrono" since his incarceration (on Jan. 19, 2017, for disobeying an order).

In September 2023, defendant filed points and authorities in support of resentencing pursuant to section 1172.1, subdivision (a)(1). He asserted there was no reason to believe he was a risk to public safety as defined in section 1170.18, namely, there was no reason to believe he would engage in any of the crimes defined in section 667, subdivision (e)(2)(C)(iv). Defendant asserted, pursuant to section 1172.1, subdivision (a)(1) and section 1385, the court could consider postconviction factors such as his disciplinary record and record of rehabilitation since he entered the prison system. He further asserted, "[a]ccording to the secretary," defendant "had no disciplinary actions since his date of incarceration, 12-4-15," "no pending disciplinary actions," did "not need to have any urinalysis testing," "has been violation free," and only received "one counseling chrono" for disobeying an order on January 17, 2017, which "did not require disciplinary action." He asserted he "works as a housing unit porter and works in computer-related technology" and his work reports show "he is exceptional and above average at his job." He also argued the court "must review and give great weight to [his] participation in rehabilitation classes," noting he had completed substance abuse disorder treatment programs and participated in Narcotics Anonymous and self-help programs. Defendant acknowledged the supplemental probation report recommended a one-year

6.

reduction based upon dismissal of the invalid section 667.5, former subdivision (b) prison prior. He argued, however, the report failed to consider the required factors or the Secretary's recommendation. He urged the court to "give great weight to" his circumstances "as they stand today" and asked the court to exercise its discretion under *Romero* to strike his prior strike conviction. He asked the court to resentence him as follows: "on Count 1: midterm 6 years. Count 6: 1/3 midterm (8 months). Count 9: 1/3 midterm (2 years). Count 10: 1/3 midterm (2 years). Count 17: 1/3 midterm (1 year). Count 18: 1/3 midterm (2) years). Counts 2, 3, 13, 14, 16, 18 stayed pursuant to 654.… For a total term of 13 years 8 months."

Thereafter, the court held a hearing on September 29, 2023. As to defendant's request for additional relief pursuant to section 1172.1 and relief under section 1172.75, the prosecutor asserted the People were "okay with probation's recommendation that the defendant receive 37 years instead of 38," but were "not okay with any further reduction." The prosecutor asserted, "defendant previously was sentenced to … four life tail [*sic*] sentences coming out to 127 to life," but "[d]ue to a change in the gang law … he was resentenced to 38 years." The prosecutor acknowledged defendant was doing well in prison but argued defendant was "a sophisticated criminal mastermind that was responsible for orchestrating home invasion robberies in Delano. And during the trial of that matter, took the stand and essentially blamed it on the sheriff's deputy saying that it was part of his duties as an informant. So he was not willing to take responsibility back then …."

Defense counsel argued the court must "give great weight to what the department had indicated. And he is doing very, very well. He has been violation free since he's been in prison. He gets excellent work recommendations, especially since 2022. He's always performed his work satisfactorily. He's taking classe[s] in narcotics abuse, changing the way you think." And, "[h]e's dropped out of a gang."

7.

The court denied resentencing pursuant to section 1172.1. It noted "[t]he secretary may make a recommendation to recall the sentence and have the Court exercise its discretion to recall and resentence if it is in the interest of justice to do so." And, "[w]hen the resentence [*sic*] request is from the secretary, it creates a presumption favoring recall and resentence of the defendant. That presumption may be overcome if the Court finds that the defendant is an unreasonable risk of danger to public safety." The court stated it did "not believe that recall and resentence would be in the interest of justice" and it found "defendant does pose an unreasonable risk of danger to public safety given the nature of the charges, the violence used by the defendant upon multiple victims on two different dates." The court further noted "defendant's long criminal history" and his "poor performance on parole." In rendering its decision, the court expressly stated that it had read and reviewed the section 1172.1 petition filed by the secretary which showed defendant's rehabilitative efforts from 2017 to the present.

Regarding resentencing pursuant to section 1172.75, the court noted it was "currently prohibited from imposing the upper term unless the circumstances in aggravation are … pled and proven or admitted to by the defendant, which has not occurred in this case." However, it noted, it had "received a certified RAP sheet which may be used in selecting the appropriate prison term."

The court struck the section 667.5, former subdivision (b) enhancement allegation. It declined to exercise its discretion to strike defendant's prior strike allegation pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 "based upon the facts of the case and the defendant's long criminal history as outlined in the certified RAP sheet, the defendant's criminal record span [*sic*] … from 19[9]8 to 2009," "[w]ith a conviction almost every year in that time period." The court reasoned,

> "Here the defendant committed violent crimes involving three separate
> victims during the course of two days. [¶] On July 12, 2014 the defendant
> and two others kicked in … the door of the victim's home. One person was
> armed with a knife. And the defendant was identified by the victim as

8.

being armed with a gun. The victim was threatened with bodily harm and he was robbed of $40 and the keys to a truck amongst other things. [¶] The very next day on July 13, 2014 the defendant was again involved in a home invasion robbery where the defendant was again … named by the victim. [¶] While the defendant was not the man who pointed the gun at the victim's head, the defendant was the one who did all the talking, instructing the victims—there were two—to keep their heads down."

The court also stated, for the same reasons, it would still be imposing the upper term, and it would not exercise its discretion under section 1385, subdivision (c)(2)(B) "to strike multiple enhancements." It found "dismissal of the enhancements would endanger public safety. This is based on defendant's long extensive prior criminal history and the facts of the current case as … just previously discussed."

It resentenced defendant to a total fixed term of 37 years composed of an upper term of 18 years on count 1 (§ 213, subd. (a)(1)(A)), plus five years for the prior serious felony enhancement (§ 667, subd. (a)), a concurrent upper term of six years on count 6 (§ 29900, subd. (a)), a consecutive middle term of four years on count 9 (§ 213, subd. (a)(1)(A)), a consecutive middle term of four years on count 10 (§ 213, subd. (a)(1)(A)), and a consecutive middle term of six years on count 17 (§ 136.1, subd. (c)). Sentences on the remaining counts were imposed and stayed pursuant to section 654.

## DISCUSSION

On appeal, defendant contends the court abused its discretion in concluding he posed an unreasonable risk to public safety and, relatedly, denying him recall and resentencing under section 1172.1 and additional relief during resentencing under section 1172.75. He contends the factors the court relied upon to conclude he posed an unreasonable risk of danger to public safety were "unsupported by the record." As the People note, there is a specific definition of "unreasonable risk of danger to public safety" under section 1172.1. In the interest of clarity, we address the rulings under sections 1172.1 and 1172.75 separately and, for the reasons that follow, we reject defendant's contentions.

## I. The Court Did Not Abuse Its Discretion in Denying Defendant Recall and Resentencing Under Section 1172.1

First, we reject defendant's contention the court abused its discretion in declining to recall and resentence him pursuant to section 1172.1.

### A. Applicable Law

Section 1172.1 (former § 1170.03)[2] provides a procedure by which a court may "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).)

Section 1172.1 provides, where the secretary of the CDCR requests resentencing, there is a presumption in favor of recall and resentencing of the defendant, "'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety,'" as defined in subdivision (c) of section 1170.18.[3] (*People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1040; see § 1172.1, subd. (b)(2).) Section 1170.18,

---

[2]Assembly Bill No. 1540 (2021–2022 Reg. Sess.) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to section 1170.03, effective January 1, 2022. (Stats. 2021, ch. 719, § 3.1.) It also clarified many of the required procedures under this section. (See *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041 ["[T]he Legislature repeatedly indicated that Assembly Bill [No.] 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing"].) Assembly Bill No. 200 (2021–2022 Reg. Sess.) then renumbered section 1170.03 to section 1172.1, effective June 30, 2022, but made no substantive changes. (Stats. 2022, ch. 58, § 9.) For the sake of clarity and consistency, we refer to section 1172.1 when addressing the statute governing the petition for resentencing.

[3]Assembly Bill No. 600 (2022–2023 Reg. Sess.) amended subdivision (b)(2) of section 1172.1 after the resentencing hearing, effective January 1, 2024, as follows: "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant ~~is~~ *currently poses* an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (Original strikethrough, italics added.) For purposes of clarity, we refer to the version of the statute currently in effect.

subdivision (c) defines "unreasonable risk of danger to public safety" as "an unreasonable risk that the petitioner will commit a new violent felony" within the meaning of section 667, subdivision (e)(2)(C)(iv). Those offenses—known as super strikes—include, among others, any homicide and any serious or violent felony offense punishable in California by life imprisonment or death. (§ 667, subd. (e)(2)(C)(iv); *People v. Braggs* (2022) 85 Cal.App.5th 809, 818; see *People v. Valencia* (2017) 3 Cal.5th 347, 351.)

Additionally, "[w]here, as here, the CDCR recommends recall and resentencing, the court is also … required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant." (*People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1040; see § 1172.1, subds. (a)(7)–(9), (b)(1).) Furthermore, when recalling and resentencing pursuant to its provisions, the court "shall … apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2); see *People v. McMurray*, at p. 1040; *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.) Further, "[i]n recalling and resentencing pursuant to this provision, the court shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(5).) (At the time of resentencing, this provision appeared in § 1172.1, subd. (a)(4), and it provided the court *may*, as opposed to *shall*, consider postconviction factors. (See Stats. 2023, ch. 795 § 1.5.))

"We apply the abuse of discretion standard of review to a trial court's denial of recall." (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082; accord, *People v. Frazier* (2020) 55 Cal.App.5th 858, 863.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."

11.

(*People v. Carmony* (2004) 33 Cal.4th 367, 377 [further noting "'all discretionary authority is contextual'" and "we cannot determine whether a trial court has acted irrationally or arbitrarily … without considering the legal principles and policies that should have guided the court's actions"].)

**B.      Analysis**

Defendant contends the factors the court relied upon to conclude he posed an unreasonable risk of danger to public safety were "unsupported by the record."  He also asserts "that other mitigating factors diminishing the risk that [he] would commit a new violent felony were improperly balanced or evaluated by the trial court."  He argues none of his current convictions, nor the evidence of his past convictions, established he had been accused of, committed, or was convicted of a super strike as defined by section 667, subdivision (e)(2)(C)(iv).  He further asserts "the record demonstrates significant and commendable postconviction rehabilitation strongly in support of resentencing," and the court's finding he "posed an unreasonable risk of committing a new violent felony within the meaning of section 667, subdivision (e)(2)(C)(iv) was unreasonable and an abuse of discretion."  We disagree; we cannot conclude the court abused its broad discretion in concluding defendant posed an unreasonable risk of committing a new violent felony within the meaning of section 667, subdivision (e)(2)(C)(iv).

Here, the court acknowledged the presumption favoring recall and resentencing provided for in section 1172.1 in light of the Secretary of the CDCR's recommendation, but it concluded the presumption had been overcome because defendant posed an unreasonable risk to public safety.  In support of its finding, the court cited "the nature of the charges" and, specifically, "the violence used by the defendant upon multiple victims on two different dates."  It also noted "defendant's long criminal history" that spanned over 20 years and his "poor performance on parole."  The court further stated it

12.

considered defendant's "rehabilitative efforts" while incarcerated in considering the petition for relief.

And we cannot conclude the court's conclusion that defendant posed an unreasonable risk of committing a super strike considering the nature of the current case and defendant's criminal history fell "outside the bounds of reason." Here, the incidents giving rise to defendant's current convictions involved two home invasion robberies that occurred within two days. There was evidence a knife and gun were used during the first residential robbery and the victim was threatened with bodily harm during the incident. During trial, the victim of the first robbery identified defendant as having been personally armed with a gun. The second robbery occurred the next day and there was evidence another individual pointed a gun at the victim's head while defendant did all the talking. Thus, there was evidence before the court from which it could conclude defendant had a history of using a deadly or dangerous weapon; he was involved in crimes in which the victims were threatened with violence; his criminal history spanned over a period of 20 years; his criminal behavior had progressively increased in severity over time; and he had previously performed poorly on community supervision and/or parole.

On this record, we cannot conclude the court's conclusion that defendant posed an unreasonable risk of committing a super strike conviction was arbitrary or irrational. Rather, the trial court reasonably concluded, based on defendant's history and most recent convictions, that he presented an unreasonable risk of committing a serious violent offense listed in section 667, subdivision (e)(2)(C)(iv). (See generally *People v. Hall* (2016) 247 Cal.App.4th 1255, 1266 ["The trial court could reasonably infer from [the defendant]'s recent criminal behavior and repeated failure to rehabilitate that he presents an elevated—and escalating—risk of not only threatening violence, but also using deadly force"].) That defendant was not currently nor previously convicted of a super strike conviction does not change our conclusion. (See *ibid*. [rejecting suggestion "trial court may only exercise its discretion to find an unreasonable risk to public safety when

13.

considering an offender who has previously committed a super strike offense"].) While evidence defendant has been convicted of a "super strike" may support a trial court's finding that a defendant poses an unreasonable risk of danger to public safety as defined in subdivision (c) of section 1170.18 (see § 1172.1, subd. (c)), it is not statutorily required to sustain such a finding. And, for the reasons stated, we conclude the court did not abuse its discretion in finding defendant ineligible for relief based on the circumstances.

Accordingly, we reject defendant's contention.

## II. The Court Did Not Abuse Its Discretion in Declining to Reduce Defendant's Sentence Further During the Section 1172.75 Resentencing

We also reject defendant's argument he should have been entitled to further relief under section 1172.75.

### A. Section 1172.75 Resentencing Proceedings

In October of 2021, the Governor signed Senate Bill 483, effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the CDCR and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prison prior enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that

14.

the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## B.     Section 1385 as Amended by Senate Bill No. 81

In 2021, the Legislature enacted Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), which amended section 1385 to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.) As modified by Senate Bill 81, section 1385, subdivision (c) now provides, in part:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances … are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(1)–(2).)

15.

The mitigating circumstances that courts are to consider and afford great weight to in considering whether to strike an enhancement include, but are not limited to, whether "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).)

We note Senate Bill 81 initially codified these provisions under section 1385, former subdivision (c)(3)(B) and (C), respectively, but section 1385 was further amended pursuant to Assembly Bill No. 200 (2021–2022 Reg. Sess.), effective June 30, 2022, to fall under subdivision (c)(2)(B) and (C), respectively, of section 1385. (Stats. 2022, ch. 58, § 15.) Pursuant to Senate Bill 81, section 1385, subdivision (c)(7) provided: "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision." (Stats. 2021, ch. 721, § 1.) Thereafter, Assembly Bill No. 200 modified subdivision (c)(7) of section 1385 to state: "This subdivision shall apply to all sentencings occurring after January 1, 2022." (Stats. 2022, ch. 58, § 15.) Because Senate Bill 81 became effective January 1, 2022, this modification did not result in a substantive change.

A trial court's refusal to exercise its section 1385 discretion to dismiss is reviewed for an abuse of discretion. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 374.) A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*Id*. at p. 376.)

**C.    Analysis**

To the extent defendant is arguing the court erred in concluding defendant posed an unreasonable risk to public safety during the section 1172.75 proceedings and declining to dismiss the prior serous felony conviction enhancement on that basis, for the reasons discussed in the previous part, we cannot conclude the court abused its discretion.[4] Though defendant asserts the trial court ignored that his prior serious felony

---

[4]It bears noting, pursuant to section 1172.75, subdivision (d)(1), resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the

16.

conviction (§ 667, subd. (a)(1)) was over five years old—a mitigating factor weighing in favor of resentencing and dismissal of the enhancement pursuant to section 1385—the court was not required to afford great weight to this mitigating circumstance given its conclusion that dismissal of the enhancement would endanger public safety. (See § 1385, subd. (c)(2) ["[p]roof of the presence of one or more of [the enumerated] circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*" (italics added)].) And defendant does not explain, nor can we conclude, how the court's reference to an inapplicable mitigating circumstance—"multiple enhancements"—worked against him.

Defendant also argues the court "failed to balance, weigh or evaluate [his] significant, commendable, and well-documented postconviction history of rehabilitation since his reception by the CDCR in 2015," and the supplemental probation report also failed to mention or consider his "excellent behavioral record while imprisoned since 2015." But, as discussed, the record belies defendant's contention that the court failed to consider his postconviction history of rehabilitation. To the contrary, the court expressly stated it read and considered the packet submitted by the Secretary of the CDCR, which included evidence of defendant's rehabilitative efforts while incarcerated, in considering relief under sections 1172.75 and 1172.1.

Thus, we cannot conclude the court abused its discretion in finding defendant posed an unreasonable risk to public safety and declining to reduce defendant's sentence further on that basis.

## DISPOSITION

The judgment is affirmed.

---

repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Because the section 1172.75 resentencing proceedings in this case resulted in a lesser sentence than that originally imposed, this provision was not implicated.

17.