Filed 5/16/25  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFREDO RODRIGUEZ,<br><br>    Defendant and Appellant. | E083693<br><br>(Super.Ct.No. RIF140773)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

In 2011, defendant and appellant Alfredo Rodriguez was convicted of first degree murder (Pen. Code,[1] § 187) and sentenced to an indeterminate term of 50 years to life in state prison. In 2024, he filed a petition pursuant to section 1172.6 seeking to vacate his conviction and resentencing, but the trial court denied the petition without setting an order to show cause. Defendant appeals, arguing that the trial court erred by failing to independently review his record of conviction to conduct its own analysis prior to denying his petition. We conclude that the record on appeal does not show error warranting reversal and affirm the order.

## II. BACKGROUND

In 2011, defendant was convicted by a jury of one count of first degree murder. (count 1; § 187, subd. (a).) The jury also found true allegations that the defendant personally discharged a firearm causing death (§ 12022.53, subd. (d)) in the commission of the offense. Defendant was sentenced to an indeterminate term of 50 years to life in state prison, comprised of 25 years to life on count 1, enhanced by an additional 25 years to life as a result of the true finding related to personal discharge of a firearm.

In February 2024, defendant filed a petition to vacate his conviction and for resentencing under section 1172.6, generally asserting that the jury in his case reached its verdict "by imputing malice and the natural consequences theory" or "there were no instructions from the court that precluded the jury from reaching its verdict in this

---

[1] Undesignated statutory references are to the Penal Code.

2

manner." Defendant attached numerous documents to show that he displayed positive conduct and good character while incarcerated, but he did not attach any documents from the record of conviction related to the nature of his conviction.

On April 5, 2024, the trial court held a prima facie hearing on defendant's petition. While defendant was represented by counsel, the record does not indicate that defendant or the People filed written briefs with the trial court in advance of the hearing. At the prima facie hearing, the prosecutor stated: "[Defendant's] verdicts were premeditation of murder, gang, and a firearm allegation was true. [¶] Without getting into the facts, the [jury] instructions were sent to [defense counsel]. There were no aiding and abetting instructions whatsoever given, no natural and probable consequences, felony murder, nonmurder conspiracy, or any other theory by which malice could possibly be imputed to the defendant. [¶] We'd ask that the petition therefore be denied." In response, defense counsel asserted no arguments and instead conceded: "[Defense counsel] has reviewed all of that and concluded, although he wants to object for the record, the deputy attorney's statement of the case is accurate." Following this short colloquy, the trial court denied defendant's petition, explaining: "That being the case, the defendant is not entitled to relief. He was not convicted under a theory that is no longer viable and, for that reason, the petition is denied."

### III. DISCUSSION

A. *Legal Background and Standard of Review*

"Our Legislature enacted what is now section 1172.6 and simultaneously amended sections 188 and 189 in order to eliminate criminal liability for murder, attempted

3

murder, and manslaughter absent a showing of the defendant's *personal* intent . . . . Now, a conviction for these crimes requires proof that the defendant (1) was the actual killer . . . , (2) directly aided and abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life." (*People v. Duran* (2022) 84 Cal.App.5th 920, 927 (*Duran*).)

"[S]ection 1172.6 is the statutory mechanism for determining whether to *retroactively* vacate a final . . . conviction that does not comply with the new, narrower definitions." (*Duran*, *supra*, 84 Cal.App.5th at p. 927.) "A defendant seeking relief under section 1172.6 must 'file a petition' alleging entitlement to relief along with '[a] declaration' attesting to eligibility for relief." (*Ibid.*) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' " (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

"In determining whether the petitioner has made a prima facie case for relief . . . , the trial court's inquiry is limited:  The court, accepting the petition's factual allegations as true, makes a ' " 'preliminary assessment' " ' whether the petitioner would be entitled to relief if those allegations were proven." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).) "[A] petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 974 (*Lewis*).)  However, "[i]n conducting the prima facie review, the court may consider the record of conviction" (*Eynon*, at pp. 974-

4

975); and, "[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition" (*Strong, supra*, 13 Cal.5th at p. 708).

"We apply the de novo standard of review to an appeal from a trial court's denial of a section 1172.6 petition at the prima facie stage." (*People v. Morris* (2024) 100 Cal.App.5th 1016, 1023; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

B. *Application*

Here, defendant argues that the matter must be remanded for a new prima facie hearing because the record does not indicate that the trial court independently examined his record of conviction in making its determination that the petition failed to state a prima facie case. We are unpersuaded that the trial court's purported failure to independently review defendant's record of conviction is sufficient to show error in the specific context of this case.

It is generally accepted that "[c]ounsel may stipulate to the existence or nonexistence of essential facts. . . . [T]he admissibility of evidence or to narrow the range of litigable issues." (*People v. Palmer* (2013) 58 Cal.4th 110, 118.) And when counsel stipulates to an evidentiary matter, such stipulation "is conclusive without reference to additional evidentiary support," "obviate[s] the need for proof," and is "independently sufficient to resolve the matter at issue in the stipulation." (*Id.* at pp. 117-118.) Here, defense counsel expressly conceded at the prima facie hearing that the record of conviction showed that the jury that convicted defendant was never instructed on any theory of murder that has now been rendered invalid by amendments to sections 188 and

5

189.

In our view, the trial court was entitled to accept counsel's concessions regarding undisputed facts in the record of conviction without independently verifying counsel's representation.[2]  And the trial court could rely on undisputed facts expressly conceded by counsel to the extent that these facts showed defendant was categorically precluded from seeking relief under section 1172.6.  Section 1172.6 generally contemplates an adversarial process for resolving any claims for relief brought under the statute, and it is not the role of a trial court to find disputes where the parties themselves represent that no dispute exists.[3]  We recognize that the Court of Appeal reached a different conclusion in *People v. Gallardo* (2024) 105 Cal.App.5th 296, but we respectfully disagree with that decision.  Thus, even if the trial court failed to independently review the record of

---

[2]  This practice is no different from that recognized in the analogous statutory provisions for postconviction resentencing under section 1170.18.  In that context, published authority has concluded that a trial court may rely on "undisputed facts acknowledged by the parties" to determine whether a defendant is entitled to resentencing relief (*People v. Hall* (2016) 247 Cal.App.4th 1255, 1263; *People v. Bear* (2018) 25 Cal.App.5th 490, 500), and "the rules of evidence governing [a section 1172.6] hearing should be no different than those applied at other analogous postconviction resentencing proceedings" (*People v. Williams* (2020) 57 Cal.App.5th 652, 661).  And we further observe that even at an evidentiary hearing under section 1172.6, the trial court is permitted to simply accept stipulated evidence without independent examination. (§ 1172.6, subd. (d)(3).)

[3]  Additionally, a petitioner would not be foreclosed from seeking relief if counsel inadvertently makes an incorrect representation regarding the record of conviction.  In those cases in which counsel mistakenly stipulates to factual matters pertaining to the record of conviction, a petitioner can seek habeas relief for ineffective assistance of counsel.

conviction, we would find no error on the record before us.[4]

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

MILLER _____
Acting P. J.


MENETREZ _____
J.

---

[4] Because we conclude that the appellate record does not show error by the trial court, we need not address the People's argument that facts subject to judicial notice also disclose that any purported error was harmless and need not address defendant's arguments regarding the propriety of taking judicial notice of the record of conviction for the first time on appeal.  We instead deny the People's request for judicial notice filed November 6, 2024 on the basis that consideration of the matters subject to the request are unnecessary to the disposition of this case.